**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOWER BRIDGE ADVISORS, INC., | : | CIVIL ACTION |
| | : | |
| *Plaintiff*, | : | No. 2:23-cv-02007 (GEKP) |
| | : | |
| v. | : | |
| | : | |
| JAMES T. VOGT and JEAN MCDEVITT, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

## MOTION OF NON-PARTY LYN DAVIS TO QUASH SUBPOENA

Non-party Lyn Davis respectfully moves to quash the subpoena for testimony and production of documents purportedly issued to her by counsel for plaintiff Tower Bridge Advisors, Inc. on June 8, 2023.  As set forth in the accompanying Memorandum of Law, which is fully incorporated herein, the subpoena is facially invalid, was not properly served, is overbroad, is likely to cause undue burden, harassment, and embarrassment, seeks documents and information that are not relevant to the claims or defenses in this matter, and is otherwise improper.  Accordingly, the subpoena should be quashed and Ms. Davis should be permitted to recover reasonable attorneys' fees and costs.

Yesterday, the undersigned counsel sent a letter to counsel for plaintiff identifying those deficiencies and requesting that the subpoena be withdrawn.  Counsel for Plaintiff did not withdraw the subpoena, necessitating this motion.  Ms. Davis files this motion in advance of the Court's June 20, 2023 status conference, which the Court has stated will address, *inter alia*, "whether counsel have complied with the Federal Rules of Civil Procedure as to third party witnesses."  (ECF 9).

WHEREFORE, Ms. Davis respectfully requests that the Court grant her Motion to Quash and award reasonable attorneys' fees and costs.  A proposed order is attached.


Respectfully submitted,

Dated:  June 20, 2023

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By:      */s/ Andrew M. Erdlen*
_____
Mark A. Aronchick (Atty. I.D. No. 20261)
maronchick@hangley.com
Andrew M. Erdlen (Atty. I.D. No. 320260)
aerdlen@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
(215) 568-0300 (facsimile)

*Attorneys for Ms. Lyn Davis*

## **CERTIFICATE OF SERVICE**

I, Andrew M. Erdlen, certify that on June 20, 2023, I caused to be served a true and correct copy of the foregoing Motion of Non-Party Lyn Davis to Quash Subpoena to be electronically filed and served via the Court's CM/ECF system on all attorneys of record in this matter.

*/s/ Andrew M. Erdlen*
Andrew M. Erdlen
*Counsel for Non-Party Lyn Davis*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| TOWER BRIDGE ADVISORS, INC., | : | CIVIL ACTION |
|  | : |  |
| *Plaintiff*, | : | No. 2:23-cv-02007 (GEKP) |
|  | : |  |
| v. | : |  |
|  | : |  |
| JAMES T. VOGT and JEAN MCDEVITT, | : |  |
|  | : |  |
| *Defendants*. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NON-PARTY
LYN DAVIS TO QUASH SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45, non-party Ms. Lyn Davis respectfully moves to quash the subpoena issued by counsel for plaintiff Tower Bridge Advisors, Inc. ("Tower Bridge") on June 8, 2023. The subpoena directs her to testify and produce documents at a hearing scheduled for June 27, 2023. The subpoena is facially invalid, was not properly served, is overbroad, will cause undue burden, embarrassment, and harassment, and is otherwise objectionable. It should be quashed.

Ms. Davis files this motion in advance of the Court's June 20, 2023 status conference, which the Court has stated will address, *inter alia*, "whether counsel have complied with the Federal Rules of Civil Procedure as to third party witnesses." (ECF 9).[1] Plainly, plaintiff's counsel has not so complied.

## I.   BACKGROUND

Tower Bridge Advisors provided financial advisory services to non-party Lyn Davis, whose now-deceased husband, Alan Davis, had a professional relationship with one of its former

---

[1] Ms. Davis files this motion without waiver or prejudice to her objection to personal jurisdiction, *i.e.*, on the basis of improper service.

advisors.  In recent years, defendant James Vogt provided advisory services to Ms. Davis.  The

complaint in this action alleges, *inter alia*, that Mr. Vogt and his co-defendant, Ms. Jean

McDevitt, misused plaintiff's confidential information and improperly solicited plaintiff's

employees and clients when they terminated their employment with plaintiff in May 2023.

Plaintiff seeks a preliminary injunction that would prospectively restrain defendants from

soliciting Tower Bridge employees and clients and from further using Tower Bridge's alleged

confidential information.  (ECF 2).

        On or around June 8, 2023, counsel for Tower Bridge caused to be issued a subpoena to

Ms. Davis.  It was sent by Federal Express – and not by personal delivery – and directs her to

appear in the courtroom of Hon. Gene E.K. Pratter, U.S.D.J. (E.D. Pa.) on June 27, 2023, at 9:00

a.m.  The subpoena further directs her to bring with her "[a]ll written documents concerning or

relating to your business and personal dealings with Tower Bridge, Pine Valley, James Vogt

and/or Jean McDevitt, including all email, text messages, notes of meeting [sic], and other

written communications from January 1, 2023 to the present."  Photo captures of the first pages

of the subpoena and Federal Express envelope are attached as Exhibit A hereto (Ms. Davis'

identifying information is redacted.)

        The subpoena was purportedly issued in a matter titled "Tower Bridge Associates, Inc. v.

James Vogt, et al.," civil action number "2:23-cv-02207" that is pending in the U.S. District

Court for the Eastern District of Pennsylvania.  No matter exists with that name and caption.

        On June 19, 2023, shortly after being engaged, the undersigned counsel sent a letter to

counsel to Tower Bridge identifying numerous deficiencies in the subpoena and requesting that

the subpoena be withdrawn immediately.  A copy of that letter is attached as Exhibit B.  The

letter stated that Ms. Davis does not intend to appear on June 27 and, in any event, cannot appear

on that date due to pre-planned personal travel outside this jurisdiction.  The undersigned

requested a response by 9:00 a.m. on June 20, due to the upcoming status conference and the impending subpoena return date.  Plaintiff's counsel did not agree to withdraw the subpoena, necessitating this motion.

## I.    ARGUMENT

The subpoena is improper and should be quashed.  Due to its many patent deficiencies, Ms. Davis should be awarded reasonable attorneys' fees and costs.

First, the subpoena is facially deficient because it was purportedly issued in a matter titled "Tower Bridge Associates, Inc. v. James Vogt, et al.," civil action number "2:23-cv-02207" that is pending in the U.S. District Court for the Eastern District of Pennsylvania.  No matter exists with that name and caption.  Among other things, Federal Rule of Civil Procedure 45(a)(1)(A)(ii) states that "[e]very subpoena must . . . state the title of the action and its civil-action number."  That is, by rule, a subpoena must include the correct names of parties and the correct docket number.  The subpoena here fails to identify the correct parties – Tower Bridge Associates, Inc., is not the correct name of the plaintiff, Tower Bridge Advisors, Inc. – and it also fails to identify the correct docket number.  Standing alone, this facial deficiency is sufficient to quash the subpoena, which the Court may do *sua sponte*.  *See* Wright and Miller, 9A Fed. Prac. & Proc. Civ. § 2453 (3d ed.); *Schutter v. Easton Sports, Inc.*, No. 4:12-MC-0268, 2012 WL 4965295, at *1 (M.D. Pa. Oct. 17, 2012) (quashing a facially deficient subpoena); *see also Dumanian v. Schwartz*, No. 19 C 6771, 2020 WL 8125552, at *4 (N.D. Ill. Dec. 10, 2020) (observing that "the Court 'upon its own authority' may quash subpoenas that are "facially invalid") (cited in Wright & Miller).[2]

---

[2] We will assume, without waiver or prejudice to Ms. Davis' objections, that the subpoena relates to this matter, *Tower Bridge Advisors, Inc. v. Vogt, et al.*, No. 23-cv-2007 (GEKP) (E.D. Pa.).

Second, the subpoena has not been properly served and therefore the Court cannot exercise personal jurisdiction over Ms. Davis.  She received the subpoena via Federal Express. Fed. R. Civ. P. 45(b)(1) requires personal service of a subpoena.  *See, e.g.*, *Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (Pratter, J.) (citing Wright & Miller, § 2454); *Yarus v. Walgreen Co.*, No. CIV.A. 14-1656, 2015 WL 4041955, at *2 (E.D. Pa. July 1, 2015) ("Subpoenas that fail to comply with the strict personal service requirement of Rule 45(b)(1) are deficient …."); *Whitmer v. Lavida Charter, Inc.,* Civ. No. 91–0607, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991) ("Personal service is required.  Unlike service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness."); Wright and Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) ("The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required") (collecting cases).[3]

Third, the subpoena will likely cause embarrassment, undue burden, and harassment to Ms. Davis.  Pursuant to Rule 45(d)(3), the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or …  subjects a person to undue burden."   Here, the subpoena should be quashed because: (i) Ms. Davis will be in California on June 27 as part of a long-planned trip to visit her son, and she is therefore unable to appear that date; (ii) the subpoena purports to seek sensitive and confidential financial and identifying information *of Ms. Davis*, who is a nonparty; (iii) the documents and information sought – which concern Ms. Davis' business and personal "dealings" with defendants – are likely more readily available from the parties; and (iv) Ms. Davis is 83 years old and has not testified before.

---

[3] The subpoena is also deficient for its failure to include witness and mileage fees. *See* Fed. R. Civ. P. 45(b)(1).

Fourth, the scope of the document subpoena is overbroad.  The complaint in this matter alleges that the two defendants resigned from plaintiff's employment a little over a month ago, on May 12, 2023.  (ECF 1, at ¶¶ 41-42.)  Yet the subpoena reaches much further, seeking documents going back as far as January 1, 2023.  *See* Ex. A.  It also seeks all documents "relating to [Ms. Davis'] business and personal dealings" with defendants and other non-parties.  It is not clear what is meant by "business dealings" and there appears to be no basis for seeking documents relating to "personal dealings" with such persons.

Fifth, the subpoena directs Ms. Davis to appear at a "hearing or trial" at 9:00 a.m. on June 27, 2023.  A June 9, 2023 Notice of Hearing in this matter states that only "oral argument" is scheduled on that date (ECF 6).  It is not at all clear that the Court has authorized or ordered live witnesses to appear at the June 27 hearing.

Sixth, the subpoena appears to seek irrelevant testimony and documents.  The preliminary injunction seeks to enjoin defendants from further soliciting clients of plaintiff and from further misusing plaintiff's alleged confidential information.  The documents and testimony sought have no apparent connection to the issues raised on this preliminary injunction posture, namely, defendants' *future* solicitation or use of alleged confidential information already in its possession.

Seventh, the subpoena is patently improper and suffers from many deficiencies.  Accordingly, due to these issues, Ms. Davis respectfully seeks an order awarding her reasonable attorney's fees and costs, which relief is expressly authorized by Rule 45(d)(1).  We are willing to advise the Court on the specifics of this application at an appropriate later date.

## II.    CONCLUSION

For the foregoing reasons, Ms. Davis respectfully requests that this Court quash the

subpoena and award her reasonable attorney's fees and costs.

Respectfully submitted,

Dated:  June 20, 2023                    HANGLEY ARONCHICK SEGAL
                                         PUDLIN & SCHILLER

                              By:    */s/ Andrew M. Erdlen*
                                     _____
                                     Mark A. Aronchick (Atty. I.D. No. 20261)
                                     maronchick@hangley.com
                                     Andrew M. Erdlen (Atty. I.D. No. 320260)
                                     aerdlen@hangley.com
                                     One Logan Square, 27th Floor
                                     Philadelphia, PA 19103-6933
                                     (215) 568-6200
                                     (215) 568-0300 (facsimile)

                                     *Attorneys for Ms. Lyn Davis*

# EXHIBIT A



# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Pennsylvania

| | | |
|---|---|---|
| Tower Bridge Associates, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-02207 |
| James Vogt, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:      Mrs. Roslyn K. Davis

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Courtroom of the Honorable Gene E. K. Pratter Federal Courthouse 601 Market Street Philadelphia, PA 19106 | Courtroom No.:  10-B |
|---|---|---|
| | | Date and Time:   June 27, 2023, 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

All written documents concerning or relating to your business and personal dealings with Tower Bridge, Pine Valley, James Vogt and/or Jean McDevitt, including all email, text messages, notes of meeting, and other written communications from January 1, 2023 to the present.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/08/2023

CLERK OF COURT                                                  OR

*Kate Barkman*
_____                  _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff,
Tower Bridge Associates, Inc.           , who issues or requests this subpoena, are:
Mark S. Haltzman, Esquire, Silverang, Rosenzweig & Haltzman,  LLC,
900 East 8th Avenue, Suite 300, King of Prussia, PA 19406

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT B



HANGLEY
ARONCHICK
SEGAL
PUDLIN
& SCHILLER

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

**Andrew M. Erdlen**
Direct Dial: 215.496.7036
E-mail: aerdlen@hangley.com

One Logan Square
27th Floor
Philadelphia, PA  19103-6933
215.568.0300/facsimile

www.hangley.com

PHILADELPHIA, PA

CHERRY HILL, NJ

HARRISBURG, PA

PLYMOUTH MEETING, PA

June 19, 2023

**Via Electronic Mail (kmcgowan@sanddlawyers.com; mhaltzman@sanddlawyers.com)**

Kevin McGowan
Mark S. Haltzman
Silverang, Rosenzweig & Haltzman, LLC
Woodlands Center
900 E. 8th Avenue
Suite 300
King of Prussia, PA 19406

   Re: **Tower Bridge/Subpoena Directed to Lyn Davis**

Dear Counsel:

   This firm represents Ms. Lyn Davis in connection with a subpoena she received from you, which directs her to appear in the courtroom of Hon. Gene E.K. Pratter, U.S.D.J. (E.D. Pa.) on June 27, 2023, at 9:00 a.m., and to bring with her the documents sought by the subpoena.[1]

   For the following reasons, the subpoena is improper and should be withdrawn immediately.  Accordingly, Ms. Davis does not intend to appear on June 27 and, in any event, cannot appear on that date due to pre-planned personal travel outside this jurisdiction.

   <u>First</u>, the subpoena is facially deficient because it was purportedly issued in a matter titled "Tower Bridge Associates, Inc. v. James Vogt, et al.," civil action number "2:23-cv-02207" that is pending in the U.S. District Court for the Eastern District of Pennsylvania.  No matter exists with that name and caption.  Among other things, Federal Rule of Civil Procedure 45(a)(1)(A)(ii) requires a subpoena to include the title of the action and its civil action number,

---

[1] The subpoena requests "[a]ll written documents concerning or relating to your business and personal dealings with Tower Bridge, Pine Valley, James Vogt and/or Jean McDevitt, including all email, text messages, notes of meeting [sic], and other written communications from January 1, 2023 to the present."

Kevin McGowan
Mark S. Haltzman
June 19, 2023
Page 2

including the correct names of parties and correct docket number.  This facial deficiency is sufficient to quash the subpoena.  *See* Wright and Miller, 9A Fed. Prac. & Proc. Civ. § 2453 (3d ed.); *Schutter v. Easton Sports, Inc.*, No. 4:12-MC-0268, 2012 WL 4965295, at *1 (M.D. Pa. Oct. 17, 2012) (quashing a facially deficient subpoena).  We will assume, without waiver or prejudice to Ms. Davis' objections, that this subpoena relates to the matter captioned *Tower Bridge Advisors, Inc. v. Vogt, et al.*, No. 23-cv-2007 (GEKP) (E.D. Pa.).

      Second, the subpoena has not been properly served and therefore the Court cannot exercise personal jurisdiction over Ms. Davis.  She received the subpoena via Federal Express.  Fed. R. Civ. P. 45(b)(1) requires personal service of a subpoena.  *See Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (Pratter, J.); Wright and Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.).[2]

      Third, the subpoena will likely cause embarrassment, undue burden, and harassment to Ms. Davis because: (i) Ms. Davis will be in California on June 27 as part of a long-planned trip to visit her son and is therefore unable to appear that date; (ii) the subpoena purports to seek confidential financial and identifying information *of Ms. Davis* – a nonparty; (iii) the documents and information sought are likely more readily available from the parties; and (iv) Ms. Davis is 83 years old and has not testified before.

      Fourth, the scope of the document subpoena is overbroad.  The complaint in this matter alleges that the two defendants resigned from plaintiff's employment in May 2023.  Yet the subpoena seeks documents going back as far as January 1, 2023.  It also seeks all documents "relating to [Ms. Davis'] business and personal dealings" with defendants and other non-parties.  It is not clear what is meant by "business dealings" and there appears to be no basis for seeking documents relating to "personal dealings" with such persons.

      Fifth, the subpoena directs Ms. Davis to appear at a "hearing or trial" at 9:00 a.m. on June 27, 2023, in Judge Pratter's courtroom.  A June 9, 2023 Notice of Hearing in matter no. 23-cv-2007 states that only "oral argument" is scheduled on that date (ECF 6).  Please advise where the Court has ordered live witnesses, such as Ms. Davis, to appear as part of the June 27 hearing.

      Sixth, the subpoena appears to seek irrelevant testimony and documents.  The preliminary injunction, inter alia, seeks to enjoin defendants from further soliciting clients of plaintiff and from further misusing plaintiff's alleged confidential information.  The documents and testimony sought have no apparent connection to the issues raised on this preliminary injunction posture, namely, defendants' *future* solicitation or use of alleged confidential information.

---

[2] The subpoena is also deficient for its failure to include witness and mileage fees.

Kevin McGowan
Mark S. Haltzman
June 19, 2023
Page 3

****

    This subpoena is patently improper and objectionable.  Please confirm by 9:00 a.m. on Tuesday, June 20, that you will withdraw it.

    If you do not withdraw it by that time, or if we do not hear from you by then, we expect to file a motion to quash the subpoena, seeking fees and costs per Rule 45(b)(1), in advance of the status conference scheduled in Judge Pratter's chambers tomorrow at 1:30 pm.  We understand that at that proceeding, "whether counsel have complied with the Federal Rules of Civil Procedure as to third party witnesses," is on the Court's agenda (ECF 9).

Sincerely,

Andrew M. Erdlen

cc:    Mark A. Aronchick, Esquire (maronchick@hangley.com)
        Benjamin E. Widener, Esquire (bwidener@constangy.com)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOWER BRIDGE ADVISORS, INC., | : | CIVIL ACTION |
| | : | |
| *Plaintiff*, | : | No. 2:23-cv-02007 (GEKP) |
| | : | |
| v. | : | |
| | : | |
| JAMES T. VOGT and JEAN MCDEVITT, | : | |
| | : | |
| *Defendants*. | : | |
| | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2023, on consideration of the Motion of Non-Party Lyn Davis to Quash Subpoena ("Motion"), and any response thereto, it is hereby ORDERED that the Motion is GRANTED.  It is further ordered that:  (1) the subpoena dated June 8, 2023 that is directed to Ms. Davis is QUASHED; and (2) Ms. Davis is entitled to her reasonable attorneys' fees and costs.  Within 14 days of the date of this Order, Ms. Davis shall submit a bill of fees and costs.

BY THE COURT:

_____
HON. GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE