UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOWER BRIDGE ADVISORS, INC.,** *Plaintiff* | : | **CIVIL ACTION** |
| **v.** | : | |
| **JAMES T. VOGT et al.,** *Defendants* | : | **No. 23-2007** |

**ORDER**

**AND NOW**, this 22nd day of June, 2023, upon consideration of the Motion of Non-Party Lyn Davis to Quash Subpoena (Doc. No. 11), it is **ORDERED** that:

1. The Motion (Doc. No. 11) is **GRANTED WITHOUT PREJUDICE.**[1]

2. Ms. Davis may be entitled to reasonable attorneys' fees and costs related to the filing of the Motion.[2] Within 14 days of the date of this Order, Ms. Davis shall submit a bill of fees

---

[1] The subpoena in question was not properly served on Ms. Davis. Proper service requires delivery to the named third party by a person who is at least 18 years old and not a party to the litigation. Fed. R. Civ. P. 45(b)(1); *see also Whitmer v. Lavida Charter, Inc.*, No. 91-cv-607, 1991 WL 256885, at *2 (E.D. Pa. Nov. 26, 1991) ("Personal service is required."). While there may be "some authority within the Third Circuit and other circuits that certified mail, independently or in conjunction with other manners of service, may under some circumstances satisfy the service requirements under Fed. R. Civ. P. 45 . . . [that is] a minority-held position among the federal courts." *Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Sols. LLC*, No. 09-cv-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011). "[A]bsent compelling circumstances that would justify a departure from the wider accepted interpretation of the[] courts in [this] circuit," a subpoena delivered via Federal Express to Ms. Davis was not properly served on her. *Fiorentino v. Cabot Oil & Gas Corp.*, No. 09-cv-2284, 2012 WL 12861600, at *2 (M.D. Pa. Jan. 6, 2012).

Moreover, the subpoena was facially invalid. "Every subpoena must . . . state the title of the action and its civil-action number." Fed. R. Civ. P. 45(a)(1)(A)(ii). The subpoena mailed to Ms. Davis included errors in both the title of this action and the civil-action number. Such facially invalid subpoenas may be quashed by a court. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2453 (3d Ed. 2023).

[2] Rule 45(d) provides that

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court . . . must enforce this duty and impose an appropriate sanction—which may include . . . reasonable attorney's fees—on a party who fails to comply.

Fed. R. Civ. P. 45(d)(1). "The decision to impose sanctions . . . and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l*

and costs, and seven (7) days thereafter Tower Bridge Advisors shall file and serve its opposition, if any, to the fee and cost request.

**BY THE COURT:**

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

*Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007). To determine whether a subpoena creates an undue burden or expense, courts typically consider (1) the "relevance of the information sought"; (2) "the party's need for the production"; (3) "the breadth of the request"; (4) "the time period covered by the request"; (5) "the request's particularity"; (6) "the burden imposed"; (7) whether "the subpoena is directed to a nonparty"; and (8) whether the "material sought from a nonparty is easily available from a party." *Miller v. Allstate Fire & Casualty Ins. Co.*, No. 07-cv-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009).

Here, the information sought is arguably relevant to the outcome of the injunctive relief sought. But Tower Bridge could likely obtain the same information in a less burdensome manner from the defendants or, indeed, *from its own records*. The breadth of the request contained in the subpoena is also considerable—Ms. Davis is asked to produce all written documents relating to her business and personal dealings with Tower Bridge, Pine Valley, James Vogt, and Jean McDevitt for the past six months. Presumably, these documents would include Ms. Davis's personal financial information, including what she has shared with Pine Valley, an entity not a party in this case. Finally, although Ms. Davis's counsel contacted Tower Bridge identifying several deficiencies in the mailed subpoena, Tower Bridge's counsel apparently refused to withdraw the subpoena, which necessitated the instant motion. The Court thus finds that by issuing this subpoena to Ms. Davis, a nonparty, Tower Bridge may have subjected her to undue burden and expense, and a sanction of reasonable attorney's fees could be appropriate in these circumstances.