UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOWER BRIDGE ADVISORS, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JAMES T. VOGT** *and*<br>**JEAN MCDEVITT**<br><br>*Defendants.* | CIVIL ACTION<br><br>CASE NO. **2:23-CV-02007** |

**OPPOSITION OF TOWER BRIDGE ADVISORS, INC. TO APPLICATION OF NON-PARTY, LYN DAVIS, FOR ATTORNEYS' FEES**

Pursuant to the Order of this Court dated June 22, 2023 (Doc. 13, the "**Order**"),[1] Plaintiff, Tower Bridge Advisors, Inc. ("**Tower Bridge**") or ("**Plaintiff**"), by and through its undersigned counsel, respectfully submits this Opposition (this "**Opposition**") to the Application for Attorneys' Fees and Costs (Doc. 19, the "**Application**") filed by non-party Lyn Davis ("**Davis**") by and through her counsel, Hangley Aronchick Segal Pudlin & Schiller ("**Requesting Counsel**" or, together with Davis, "**Petitioners**"). In response thereto, Tower Bridge states as below:[2]

1. Petitioners' recitations set forth in this paragraph are denied as they are stated. The Court's Order of June 22, 2023 (Doc. 13) was clear that it was *possible* that Ms. Davis could be entitled to attorneys' fees. *See* Doc. 13, ¶ 2 ("Ms. Davis *may* be entitled to reasonable fees." (emphasis added)). The Court's Order was similarly clear that, to the extent Ms. Davis and her Requesting Counsel established entitlement to attorneys' fees, that an award of the same carries

---

[1] The Order provides: "Ms. Davis may be entitled to **reasonable** attorneys' fees and costs related to the filing of the Motion. Within 14 days of the date of this Order, Ms. Davis shall submit a bill of fees and costs, and seven (7) days thereafter Tower Bridge Advisors shall file and serve its opposition, if any, to the fee and cost request." (Doc. 14, ¶ 2 (emphasis added)).

[2] Ms. Davis and Requesting Counsel formatted their Application in a paragraphed fashion without any accompanying memorandum of law. Tower Bridge has responded in line to each statement set forth in the Application as a party would do relative to a pleading while providing additional response to each paragraph where relevant.

with it a burden of establishing the same were "reasonable[.]" *Id.* Indeed, this Court's Order is directly in line with the controlling precedent of this Circuit's Court of Appeals as further discussed herein, *infra*.

2.  Petitioners' recitations set forth in this paragraph are denied as they are stated and as lacking adequate support or certification. Similarly, Petitioners make no effort to establish Ms. Davis's entitlement to an award of attorneys' fees, nor whether the fees requested by the Application are actually reasonable. The Court of Appeals for the Third Circuit "has repeatedly held "[a] district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather <u>must</u> rely upon the record." *Dee v. Borough of Dunmore*, 548 F. App'x 58, 62 (3d Cir. 2013) (emphasis supplied). To do otherwise would be an abuse of discretion. As our Court of Appeals explained in *Smith*, 107 F.3d at 225, [Davis] bears the burden of producing sufficient evidence not only to make [her] case, but to give [her] adversary[, *i.e.*, Tower Bridge,] an opportunity to contest unwarranted fees and provide the Court a basis for its ruling. *See Rode*, 892 F.2d at 1181." *Barley v. Fox Chase Cancer Ctr.*, 54 F. Supp. 3d 396, 405 (E.D. Pa. 2014). "A party who seeks payment of attorneys' fees and costs must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed. When redaction is so pervasive that it makes it impossible to determine the nature of services performed, the movant has failed to meet its burden of adequately documenting the hours expended." *Id.* at 398.

Petitioners make absolutely no effort to carry their burden in establishing the reasonableness of attorneys' fees which may or may not ever be invoiced. Petitioners have provided no context as to what work was completed by Requesting Counsel and the amount of time it took to complete certain aspects of that work; Requesting Counsel has provided only a

general accounting of total time expended. The amount of hours as accounted, without more detail, appears on its face to be outrageous. Requesting Counsel prepared a letter correspondence and motion based upon generally boilerplate arguments as to the technicalities of Rule 45 and issuance of subpoenas. Notwithstanding the foregoing, Plaintiff does not intend the foregoing to imply that the technical aspects attendant to the subpoenaing power are unimportant – far from it. In fact, it is the importance of the technical issues related to the subpoenaing power that make the fee requested even more ludicrous. Petitioners were not engaging in arguing some novel point of law, they were essentially reciting the provisions and oft-cited case law in a letter which then informed the contents of their motion. This was not the herculean effort as Requesting Counsel's billed hours seem to imply – not that Plaintiff or this Court can actually evaluate the work completed by Requesting Counsel as they failed to give any context for the hours expended.

The Court has "no evidence, let alone sufficient evidence" to evaluate the reasonableness of the fees requested or to permit Plaintiff to challenge the same. *Id.* at 406. And as the Court in *Rode* noted, any attempt to now supplement the record must be denied as the "ship has sailed" on Petitioners' opportunity to provide adequate evidence to carry the burden of establishing the reasonableness of the fees requested. *Id.*

3. The recitations of Ms. Davis and Requesting Counsel set forth in this paragraph are denied as they are stated and as lacking adequate support or certification. Absolutely no indication is provided by Ms. Davis or Requesting Counsel as to precisely what costs were incurred "relating to courier services." The subpoena itself was a single page accompanied by a cover letter. Requesting Counsel and Ms. Davis fail to provide any reason why a courier was engaged relative to the subpoena at all, except for "courier services for document collection." Certainly, in this day and age of electronic communication, the subpoena could have been emailed or faxed to counsel.

4.      The recitations of Ms. Davis and Requesting Counsel set forth in this paragraph are denied as they are stated and as lacking without adequate support or certification. Indeed, it is completely impossible to evaluate the hours billed presented with the Application as Exhibit A because Requesting Counsel has completely eliminated all description of the work performed for each time entry. As set forth herein, *supra*, Requesting Counsel sent one letter and prepared one motion based upon generally boilerplate, technical principles relating to Rule 45. There is absolutely no reason these two (2) tasks would be billed to any client for a cost in excess of $6,000.00. Further, Requesting Counsel have **specifically admitted** to not having invoiced Ms. Davis for ***any*** services performed to date and that they have not "determined what amount[, if any,] would actually be invoiced for [Requesting Counsel's] work."

WHEREFORE**,** as Ms. Davis and Requesting Counsel have plainly omitted any attempt to establish entitlement to any attorneys' fees or the reasonableness of those requested, it is respectfully requested that this Honorable Court deny the Application in its entirety.

*Respectfully submitted*,

**SILVERANG, ROSENZWEIG & HALTZMAN, LLC**

Date: July 6, 2023            By:   /s/ Mark S. Haltzman
                                    Mark S. Haltzman, Esq.
                                    Kevin D. McGowan, Jr., Esq.
                                    Atty ID Nos. 38957/324196
                                    900 E. 8th Avenue, Suite 300
                                    King of Prussia, PA 19406
                                    mhaltzman@sanddlawyers.com
                                    kmcgowan@sanddlawyers.com
                                    *Attorneys for Plaintiff*