IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOWER BRIDGE ADVISORS, INC., *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| JAMES T. VOGT *et al.*, *Defendants* | : : | No. 23-2007 |

## ORDER

AND NOW, this 28th day of August, 2023, upon consideration of Movant Lyn Davis's Application for Attorneys' Fees and Costs (Doc. No. 19), Plaintiff Tower Bridge Advisors, Inc.'s Opposition (Doc. No. 20), and Ms. Davis's Reply in Support of Her Application for Attorneys' Fees and Costs (Doc. No. 22), it is **ORDERED** that the Application (Doc. No. 19) is **GRANTED** as follows: Plaintiff Tower Bridge Advisors, Inc. shall pay the amount of $2,271.00 in fees and $40.00 in costs, for a total of $2,311.00, via check made payable to Ms. Lyn Davis, in care of her counsel, Hangley Aronchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103, within 10 days of the date of this Order.[1]

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] "In deciding if a fee is reasonable, courts often start with the lodestar method, which multipl[i]es a reasonable hourly rate by a reasonable number of hours expended on the case and then compares that figure to the actual fees charged." *D.A. Nolt Inc. v. Phila. Municipal Auth.*, No. 18-cv-4997, 2022 WL 2048668, at *6 (E.D. Pa. June 7, 2022). Here, while the Court finds that the hourly rate charged by Ms. Davis's counsel was reasonable, the number of hours expended on the motion in question was *not* reasonable. The Court has adjusted the fees awarded accordingly.

1