**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOWER BRIDGE ADVISORS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff/Counter-Defendant, | : | No.:  2:23-cv-02007-GEKP |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| JAMES T. VOGT, JEAN MCDEVITT and PINE | : | |
| VALLEY INVESTMENTS, LLC, | : | |
| | : | |
| Defendants/Counterclaimants. | : | |
| | : | |
| | : | |
| JAMES T. VOGT and JEAN MCDEVITT, | : | |
| | : | |
| Counterclaimants/Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWER BRIDGE ADVISORS, INC., | : | |
| | : | |
| Counter-Defendant. | : | |
| | : | |
| v. | : | |
| | : | |
| MARIS A. OGG and JAMES M. MEYER, | : | |
| | : | |
| Counter-Defendant. | | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**
**OF DEFENDANT PINE VALLEY INVESTMENTS, LLC**

Defendant Pine Valley Investments, LLC ("PVI") by way of Answer to the First Amended

Complaint filed by Plaintiff Tower Bridge Advisors, Inc. ("Tower Bridge"), hereby answers,

responds, and states as follows:

## ANSWER

### PARTIES, JURISDICTION, and VENUE

1.      Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies the allegations.

2.      Admitted that James T. Vogt ("Vogt") is a former employee of Tower Bridge. By way of further response, Paragraph 2 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are denied.

3.      Admitted that Jean McDevitt ("McDevitt") is a former employee of Tower Bridge and was an assistant to Vogt during his employment at Tower Bridge. By way of further response, Paragraph 3 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3 are denied.

4.      Admitted that PVI is a limited liability company with a place of business located at 10 E. Stow Road, Suite 200, Marlton, New Jersey, 08053.

5.      Admitted that PVI is the current employer of Vogt and McDevitt and that Vogt and McDevitt were previously employed by Tower Bridge; the remaining allegations in Paragraph 5 are denied. By way of further response, Paragraph 5 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied.

6.      Paragraph 6 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 6 are denied.

7.      Paragraph 7 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 7 are denied.

8.      Denied. The allegations in Paragraph 8 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 8 are denied. By way of further response, Paragraph 8 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 8 are denied.

## FACTUAL BACKGROUND

9.      PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

10.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and therefore denies the allegations.

11.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore denies the allegations.

12.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and therefore denies the allegations.

13.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies the allegations.

14.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and therefore denies the allegations. By way of further response, Paragraph 14 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 14 are denied.

15.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and therefore denies the allegations.

16.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and therefore denies the allegations. By way of further response, Paragraph 16 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 16 are denied.

17.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and therefore denies the allegations.

18.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and therefore denies the allegations. By way of further response, Paragraph 18 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 18 are denied.

19.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and therefore denies the allegations.

20.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and therefore denies the allegations.

21.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and therefore denies the allegations. By way of further response, the allegations in Paragraph 21 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 21 are denied.

22.     Denied. The allegations in Paragraph 22 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 22 are denied.

23.     Denied. The allegations in Paragraph 23 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 23 are denied. By way of further response, Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied.

24.     Denied. By way of further response, Paragraph 24 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied.

25.     Denied. The allegations in Paragraph 25 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 25 are denied.

26.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and therefore denies the allegations.

27.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and therefore denies the allegations. By way of further response, Paragraph 27 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied.

28.     Denied. The allegations in Paragraph 28 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 28 are denied.

29.     Denied. The allegations in Paragraph 29 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 29 are denied.

30.     Denied. The allegations in Paragraph 30 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 30 are denied.

31.     Denied. The allegations in Paragraph 31 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 31 are denied. By way of further response, Paragraph 31 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

32.     Denied. The allegations in Paragraph 32 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 32 are denied.

33.     Denied. The allegations in Paragraph 33 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 33 are denied.

34.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and therefore denies the allegations. Further, the allegations in Paragraph 34 refer to a writing which speaks for itself. By way of further response, Paragraph 34 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 34 are denied.

35.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 and therefore denies the allegations.

36.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and therefore denies the allegations. Further, the allegations in Paragraph 36 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 36 are denied.

37.     Denied. The allegations in Paragraph 37 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 37 are denied.

38.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and therefore denies the allegations.

39.     Denied. The allegations in Paragraph 39 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 39 are denied. By way of further response, Paragraph 39 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 39 are denied.

40.     Denied. The allegations in Paragraph 40 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 40 are denied.

41.     Denied. The allegations in Paragraph 41 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 41 are denied.

42.     Denied. The allegations in Paragraph 42 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 42 are denied.

43.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 and therefore denies the allegations.

44.     Denied. The allegations in Paragraph 44 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 44 are denied.

45.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 and therefore denies the allegations.

46.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 and therefore denies the allegations. Further, the allegations in Paragraph 46 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 46 are denied.

47.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 and therefore denies the allegations.

48.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and therefore denies the allegations.

49.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 and therefore denies the allegations.

50.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 and therefore denies the allegations.

51.     Denied. By way of further response, Paragraph 51 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 51 are denied.

52.     Denied. By way of further response, Paragraph 52 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 52 are denied.

53.     Denied. By way of further response, Paragraph 53 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 53 are denied.

54.     Denied. By way of further response, Paragraph 54 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 54 are denied.

55.     Denied. By way of further response, Paragraph 55 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 55 are denied.

56.     Denied. By way of further response, the allegations in Paragraph 56 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 56 are denied.

57.     Denied. The allegations in Paragraph 57 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 57 are denied.

58.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 and therefore denies the allegations.

59.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 and therefore denies the allegations.

60.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 and therefore denies the allegations. By way of further response, Paragraph 60 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 60 are denied.

61.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and therefore denies the allegations.

62.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 and therefore denies the allegations.

63.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 and therefore denies the allegations.

64.     Admitted that McDevitt accepted her offer for employment with PVI on April 17, 2023; the remaining allegations in Paragraph 64 are denied.

65.     Denied.

66.     Denied.

67.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 and therefore denies the allegations.

68.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 and therefore denies the allegations.

69.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 and therefore denies the allegations.

70.     Denied.

71.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 and therefore denies the allegations.

72.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 and therefore denies the allegations. By way of further response, Paragraph 72 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

73.     Denied.

74.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 and therefore denies the allegations.

75.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 and therefore denies the allegations.

76.     Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 and therefore denies the allegations.

77.     Denied. Further, the allegations in Paragraph 77 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 77 are denied. By way of further response, Paragraph 77 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 77 are denied.

78.     Denied. By way of further response, Paragraph 78 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 78 are denied.

79.     Denied. Further, the allegations in Paragraph 79 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 79 are denied.

80.     Denied. Further, the allegations in Paragraph 80 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 80 are denied.

81.     Denied. Further, the allegations in Paragraph 81 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 81 are denied.

82.     Denied. Further, the allegations in Paragraph 82 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 82 are denied.

83.     Denied. By way of further response, Paragraph 83 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 83 are denied.

84.     Denied. By way of further response, Paragraph 84 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 84 are denied.

85.     Admitted that PVI and Vogt discussed requiring clients who, on their own accord (a) chose to continue their professional relationship with Vogt and McDevitt at PVI, and (b) sought to have Vogt and McDevitt (through PVI) continue to manage their investment accounts, sign some form of attestation confirming they had not been solicited by Vogt to transfer the management of their investment accounts from Tower Bridge to PVI, which they considered and discussed because PVI knew (i) despite the fact that the non-solicitation provision in Vogt's Employment Agreement was unenforceable as a matter of law because the agreement was not supported by valid, legal consideration, and (ii) despite the fact that Vogt nevertheless did not solicit the business of his clients following his resignation from employment with Tower Bridge, Tower Bridge founding principal and President, Maris A. Ogg, would be vindictive that Vogt and McDevitt resigned from Tower Bridge and would not accept that clients might wish to continue their relationships with Vogt and McDevitt, and that Ogg would be vindictive, aggressive and litigious if clients elected to follow Vogt and McDevitt to PVI, and Vogt and PVI desired to protect themselves from any spurious claims pursued or frivolous legal action filed by Tower Bridge at the direction of Ogg, a concern that has proven to be true. The remaining allegations set forth in Paragraph 85 of the Complaint are otherwise denied.

86.     Denied. By way of further response, Paragraph 86 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 86 are denied.

87.     Denied. By way of further response, Paragraph 87 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 87 are denied.

88.     Denied.

89.    Denied.

## CLAIMS FOR RELIEF

90.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

91.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 and therefore denies the allegations. By way of further response, Paragraph 91 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 91 are denied.

### COUNT I:
### Unfair Competition/Raiding
(*Tower Bridge Advisors, Inc. vs. Pine Valley*)

92.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

93.    Paragraph 93 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 93 are denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied. Further, the allegations in Paragraph 97 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 97 are denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT II:**</u>
<u>**Unfair Competition/Raiding**</u>
(*Tower Bridge Advisors, Inc. vs. Vogt and McDevitt*)

102.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

103.    The allegations in Paragraph 103 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 103 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 and therefore denies the allegations.

104.    The allegations in Paragraph 104 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 104 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 and therefore denies the allegations.

105.    The allegations in Paragraph 105 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 105 are deemed to be asserted against PVI, PVI is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 and therefore denies the allegations.

106.    The allegations in Paragraph 106 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 106 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 and therefore denies the allegations.

107.    The allegations in Paragraph 107 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 107 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 and therefore denies the allegations.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT III:**</u>
**Breach of Contract**
(*Tower Bridge Advisors, Inc. vs. Vogt*)

108.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

109.    The allegations in Paragraph 109 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 109 are deemed to be asserted against PVI, PVI is without knowledge or information

- 15 -

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 and therefore denies the allegations.

110.     The allegations in Paragraph 110 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 110 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 and therefore denies the allegations.

111.     The allegations in Paragraph 111 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 111 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 and therefore denies the allegations.

112.     The allegations in Paragraph 112 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 112 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 112 and therefore denies the allegations.

113.     The allegations in Paragraph 113 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 113 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 and therefore denies the allegations.

114.     The allegations in Paragraph 114 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 114 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 and therefore denies the allegations.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

### COUNT IV:
### Breach of Duty of Loyalty and Diversion of Corporate Opportunities
(*Tower Bridge Advisors, Inc. vs. Vogt and McDevitt*)

115.     PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

116.     The allegations in Paragraph 116 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 116 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 and therefore denies the allegations. By way of further response, Paragraph 116 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 116 are denied.

117.     The allegations in Paragraph 117 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 117 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 117 and therefore

denies the allegations. By way of further response, Paragraph 117 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 117 are denied.

118.    The allegations in Paragraph 118 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 118 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 118 and therefore denies the allegations. By way of further response, Paragraph 118 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 118 are denied.

119.    The allegations in Paragraph 119 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 119 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 119 and therefore denies the allegations.

120.    The allegations in Paragraph 120 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 120 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 120 and therefore denies the allegations.

121.    The allegations in Paragraph 121 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 121 are deemed to be asserted against PVI, PVI is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 and therefore denies the allegations.

122.     The allegations in Paragraph 122 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 122 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 and therefore denies the allegations.

123.     The allegations in Paragraph 123 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 123 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 and therefore denies the allegations.

124.     The allegations in Paragraph 124 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 124 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 and therefore denies the allegations.

125.     The allegations in Paragraph 125 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 125 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 and therefore denies the allegations.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

**COUNT V:**
**Breach of Fiduciary Duty**
(*Tower Bridge Advisors, Inc. vs. Vogt*)

126.　PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

127.　The allegations in Paragraph 127 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 127 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 and therefore denies the allegations.

128.　The allegations in Paragraph 128 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 128 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 and therefore denies the allegations.

129.　The allegations in Paragraph 129 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 129 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 and therefore denies the allegations.

130.    The allegations in Paragraph 130 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 130 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130 and therefore denies the allegations.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT VI:**</u>
**<u>Aiding and Abetting Breach of Fiduciary Duty</u>**
(*Tower Bridge Advisors, Inc. vs. Pine Valley*)

131.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

## COUNT VII:
### Aiding and Abetting Breach of Fiduciary Duty
(*Tower Bridge Advisors, Inc. vs. Pine Valley*)

139.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

## COUNT VIII:
### Aiding and Abetting Breach of Fiduciary Duty
(*Tower Bridge Advisors, Inc. vs. Vogt*)

146.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

147.    The allegations in Paragraph 147 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 147 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 147 and therefore denies the allegations.

148.    The allegations in Paragraph 148 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 148 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 and therefore denies the allegations.

149.    The allegations in Paragraph 149 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 149 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 and therefore denies the allegations.

150.    The allegations in Paragraph 150 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 150 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 150 and therefore denies the allegations.

151.    The allegations in Paragraph 151 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 151 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 151 and therefore denies the allegations.

152.    The allegations in Paragraph 152 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 152 are deemed to be asserted against PVI, PVI is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 152 and therefore denies the allegations.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

**COUNT IX:**
**Violations of the Economic Espionage Act,**
**as Amended by the Defend Trade Secrets Act, 18 U.S.C. § 1831**
(*Tower Bridge Advisors, Inc. vs. All Defendants*)

153.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

154.    Denied. Further, the allegations in Paragraph 154 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 154 are denied.

155.    Denied. Further, the allegations in Paragraph 155 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 155 are denied.

156.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 and therefore denies the allegations. By way of further response, Paragraph 156 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 156 are denied.

157.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 157 and therefore denies the allegations. By way

of further response, Paragraph 157 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 157 are denied.

158.    Denied. By way of further response, Paragraph 158 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 158 are denied.

159.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 159 and therefore denies the allegations. By way of further response, Paragraph 159 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 159 are denied.

160.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 160 and therefore denies the allegations. By way of further response, Paragraph 160 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 160 are denied.

161.    Denied. By way of further response, Paragraph 161 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 161 are denied.

162.    Denied. By way of further response, Paragraph 162 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 162 are denied.

163.    Denied. By way of further response, Paragraph 163 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 163 are denied.

164.    Denied. By way of further response, Paragraph 164 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 164 are denied.

165.    Denied. By way of further response, Paragraph 165 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 165 are denied.

166.    Denied. By way of further response, Paragraph 166 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 166 are denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT X:**</u>
<u>**Violation of the Pennsylvania Uniform Trade Secrets Act**</u>
(*Tower Bridge Advisors, Inc. vs. All Defendants*)

167.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

168.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 and therefore denies the allegations. By way of further response, Paragraph 168 of the Amended Complaint states legal conclusions to which

no response is required. To the extent a response is required, the allegations in Paragraph 168 are denied.

169.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 169 and therefore denies the allegations. By way of further response, Paragraph 169 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

170.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 170 and therefore denies the allegations. By way of further response, Paragraph 170 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 170 are denied.

171.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 171 and therefore denies the allegations. By way of further response, Paragraph 171 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 171 are denied.

172.    Denied. By way of further response, Paragraph 172 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 172 are denied.

173.    Denied.

174.    Denied. By way of further response, Paragraph 174 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 174 are denied.

175.    Denied.

176.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XI:**</u>
**Misappropriation/Conversion**
*(Tower Bridge Advisors, Inc. vs. All Defendants)*

177.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

178.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 178 and therefore denies the allegations. By way of further response, Paragraph 178 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 178 are denied.

179.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 179 and therefore denies the allegations. By way of further response, Paragraph 179 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 179 are denied.

180.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 and therefore denies the allegations. By way of further response, Paragraph 180 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 180 are denied.

181.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 181 and therefore denies the allegations. By way of further response, Paragraph 181 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 181 are denied.

182.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 182 and therefore denies the allegations. By way of further response, Paragraph 182 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 182 are denied.

183.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 183 and therefore denies the allegations. By way of further response, Paragraph 183 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 183 are denied.

184.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 184 and therefore denies the allegations. By way of further response, Paragraph 184 of the Amended Complaint states legal conclusions to which

no response is required. To the extent a response is required, the allegations in Paragraph 184 are denied.

185.    Denied.

186.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

**COUNT XII:**
**Tortious Interference with Contract**
(*Tower Bridge Advisors, Inc. vs. Pine Valley*)

187.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

188.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 188 and therefore denies the allegations. Further, the allegations in Paragraph 188 refer to a writing which speaks for itself. To the extent a response is required the remaining allegations in Paragraph 188 are denied.

189.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 189 and therefore denies the allegations. By way of further response, Paragraph 189 of the Amended Complaint states legal conclusions to which no response is required.

190.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XIII:**</u>
<u>**Tortious Interference with Business Relationships (McDevitt)**</u>
(*Tower Bridge Advisors, Inc. vs. Vogt and Pine Valley*)

191.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

192.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 192 and therefore denies the allegations. By way of further response, Paragraph 192 of the Amended Complaint states legal conclusions to which no response is required.

193.    Denied.

194.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 194 and therefore denies the allegations.

195.    Denied.

196.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XIV:**</u>
<u>**Tortious Interference with Business Relationships (Tower Bridge Clients)**</u>
(*Tower Bridge Advisors, Inc. vs. All Defendants*)

197.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

198.    Denied. PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 198 and therefore denies the allegations.

199.    Denied.

200.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XV:**</u>
<u>**Civil Conspiracy**</u>
(*Tower Bridge Advisors, Inc. vs. All Defendants*)

201.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

202.    Denied. By way of further response, Paragraph 202 of the Amended Complaint states legal conclusions to which no response is required.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XVI:**</u>
<u>**Concert of Action**</u>
(*Tower Bridge Advisors, Inc. vs. All Defendants*)

210.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

<u>**COUNT XVII:**</u>
<u>**Intentionally Accessing a Protected Computer in Violation of 18 U.S.C.§ 1030(g)**</u>
(*Tower Bridge Advisors, Inc. vs. Vogt and McDevitt*)

215.    PVI incorporates by reference its responses to all previous allegations as though fully set forth herein.

216.    The allegations in Paragraph 216 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 216 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and therefore denies the allegations. By way of further response, Paragraph 216 of the Amended Complaint states legal conclusions to which no response is required.

217.    The allegations in Paragraph 217 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 217 are deemed to be asserted against PVI, PVI is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in Paragraph 217 and therefore denies the allegations.

218.    The allegations in Paragraph 218 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 218 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 218 and therefore denies the allegations.

219.    The allegations in Paragraph 219 of Plaintiff's Amended Complaint are not directed toward PVI, and therefore no response is required of PVI. To the extent any of the allegations in Paragraph 219 are deemed to be asserted against PVI, PVI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 219 and therefore denies the allegations. By way of further response, Paragraph 219 of the Amended Complaint states legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant Pine Valley Investments, LLC ("PVI"), by and through its undersigned counsel, hereby alleges the following separate defenses and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim or cause of action against PVI upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred because PVI did not breach any duty, express or implied, which proximately caused or contributed to Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred because any alleged damages were caused solely by factors unrelated to any conduct on the part of PVI.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred because any damages sustained by Plaintiff, which are expressly denied, were caused by the Plaintiff and/or other third-parties beyond PVI's control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages that they allegedly have sustained. As such Plaintiff's recovery, if any, should be reduced by Plaintiff's failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's alleged damages are purely speculative and not capable of being determined with reasonable certainty.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by the doctrine of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred because PVI and PVI performed each and every duty, if any, owed to Plaintiffs and did not breach any duty owed, if any, to Defendants under contract, statute, common law and/or industry standard.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because PVI did not violate the Federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1832 et seq. and Plaintiff suffered no damages.

- 35 -

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because PVI did not violate the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S.A. §§ 5301 et seq. and Plaintiff suffered no damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because PVI did not convert confidential information to its own use or benefit and Plaintiff suffered no damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because PVI, at all times, acted in good faith and not deliberately, willfully, maliciously, recklessly, and/or wantonly.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because Plaintiff did not suffer any compensatory damages from any alleged actions by PVI. Punitive damages may not be award on their own.

## FOURTEENTH AFFIRMATIVE DEFENSE

Even if Plaintiff were to prevail on its claims under the Federal DTSA and/or PUTSA – which it should not – Plaintiff should not recover attorney's fees as they are not warranted or automatic under the statutes and PVI's actions do not warrant it.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against PVI are barred because there is no valid, legal consideration for the Employment Agreement signed by Defendant James Vogt as alleged in the Amended Complaint, and accordingly, all of Plaintiff's claims which are predicated on the enforceability of that Employment Agreement must be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against PVI are barred because Defendant Jean McDevitt is not bound by any post-employment non-solicitation covenant, restriction or agreement with Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against PVI are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

PVI reserves the right to add to, supplement, modify, change or amend any and all defenses hereto as facts, evidence and circumstances become known to it through further investigation and/or discovery.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

## COUNTERCLAIMS

Defendant/Counterclaimant Pine Valley Investments, LLC ("PVI"), by and through its attorneys, hereby assert the following Counterclaims against Plaintiff/Counterclaim Defendant Tower Bridge Advisors, Inc. ("Tower Bridge"), and in support alleges and states as follows:

## PARTIES AND JURISDICTION

1.      Defendant/Counterclaimant PVI is a New Jersey limited liability company with members located in New Jersey and Florida, and its principal place of business at 10 E. Stow Road, Suite 200, Marlton, New Jersey 08053.

2.      Plaintiff/Counterclaim Defendant is a Pennsylvania Corporation with a place of business located at 101 West Elm Street, Suite 355, Conshohocken, Pennsylvania 19428.

3.      Jurisdiction over these Counterclaims is proper in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a).

## FACTUAL ALLEGATIONS

### *Vogt and McDevitt's Resignation from Tower Bridge and Tower Bridge's Subsequent Retaliation*

4.      PVI is an SEC-registered investment advisory firm dedicated to providing comprehensive wealth management solutions for its clients.

5.      PVI specializes in serving high net worth individuals, families, and businesses, offering a range of services including portfolio management, financial planning, and retirement planning.

6.      Upon information and belief, Defendant James T. Vogt ("Vogt") has worked in the investment advisory industry for his entire professional career.

7.      Upon information and belief Defendant Jean McDevitt ("McDevitt") also has worked in the investment advisory industry for her entire professional career.

8.      Upon information and belief, McDevitt became employed by Tower Bridge on or around November 19, 2007.

9.      Upon information and belief, prior to her employment with Tower Bridge, McDevitt had thirty-nine (39) established legacy relationships ("Legacy Clients"). These Legacy Clients were preexisting clients of McDevitt prior to her employment with Tower Bridge.

10.     Upon information and belief, McDevitt knew and had access to the Legacy Clients' contact information and account information prior to her employment with Tower Bridge.

11.     Upon information and belief, the 39 Legacy Clients followed McDevitt to Tower Bridge when she accepted employment with Tower Bridge.

12.     Upon information and belief, Vogt became employed by Tower Bridge on or around January 28, 2016.

13.     Upon information and belief, McDevitt's 39 Legacy Clients were eventually transitioned to Vogt.

14.     Upon information and belief, the Legacy Clients were new clients of Vogt when he joined Tower Bridge, but the Legacy Clients were long time clients of McDevitt prior to her employment with Tower Bridge.

15.     Upon information and belief, McDevitt never signed an employment agreement with Tower Bridge, nor signed any non-solicitation or non-compete agreement with Tower Bridge.

16.     In or around August 2022, Vogt contacted PVI to pursue employment with PVI.

17.     On or about September 16, 2022, PVI sent Vogt an employment offer.

18.     Vogt did not accept this offer and continued to work for Tower Bridge.

19.     On or about April 17, 2023, PVI sent McDevitt an employment offer.

20.     Upon information and belief, McDevitt resigned from Tower Bridge on May 12, 2023.

21.     Upon information and belief, Vogt resigned from Tower Bridge on May 12, 2023.

22.     After resigning from Tower Bridge, both Vogt and McDevitt became employed with PVI.

23.     At no point during their employment with Tower Bridge did Vogt or McDevitt send or provide PVI any confidential information or documents belonging to Tower Bridge, nor did PVI ever seek from Vogt or McDevitt any confidential information or documents belonging to Tower Bridge.

24.     At no point during Vogt or McDevitt's employment with Tower Bridge did PVI contact, communicate or attempt to communication with any of the clients of Vogt or McDevitt.

25.     Indeed, since joining PVI, nobody from PVI (other than Vogt or McDevitt) initiated (either directly or indirectly) any contacts, communications or attempted communications with any of the clients of Vogt or McDevitt.

26.     Further, PVI has at no time received nor used any confidential information or documents belonging to Tower Bridge.

27.     Nevertheless, following the resignations of Vogt and McDevitt from Tower Bridge, Tower Bridge has acted vindictively and taken unlawful actions against PVI, Vogt, and McDevitt in order to deter the clients of Vogt and McDevitt from joining them at PVI.

28.     Since Vogt commenced his employment at PVI, PVI has been made aware from various clients that they were misled by Tower Bridge to falsely believe that Vogt had left the investment advisory industry in a calculated effort by Tower Bridge to dissuade the clients of Vogt

and McDevitt from transitioning the management of their investment accounts from Tower Bridge to PVI.

29.     After Vogt commenced his employment with PVI, PVI has also been made aware that Tower Bridge told (or suggested or insinuated) clients of Vogt and McDevitt that Vogt had ceased working in the financial industry and was no longer working as an investment advisor representative in an effort to deter clients of Vogt and McDevitt from transitioning the management of their investment accounts from Tower Bridge to PVI.

30.     Moreover, after Vogt commenced his employment with PVI, PVI has also been made aware that Tower Bridge told (or suggested or insinuated) clients of Vogt and McDevitt that Vogt was no longer working in the financial industry and would not be able to manage the client's money in an effort by Tower Bridge to mislead Vogt and McDevitt's clients and deter them from transitioning the management of their investment accounts from Tower Bridge to PVI.

31.     In yet another example, after Vogt commenced his employment with PVI, PVI has learned that Tower Bridge (through its principals or agents) misrepresented to the clients of Vogt and McDevitt, the experience, background, and expertise of PVI's investment advisors in an effort to deter the clients from transitioning the management of their investment accounts from Tower Bridge to PVI.

32.     Further, after Vogt commenced his employment with PVI, Tower Bridge in an effort to dissuade another client, represented that Vogt left Tower Bridge and abandoned his clients in an effort to deter clients of Vogt and McDevitt from transitioning the management of their investment accounts from Tower Bridge to PVI.

33.     The above referenced statements and representations made by Tower Bridge are false and Tower Bridge knew that the statements and representations were false.

- 41 -

34.     Tower Bridge made the statements and representations to clients of Vogt and McDevitt in an effort to dissuade the clients from joining PVI and to interfere with PVI's relationships with PVI's clients.

***Tower Bridge's Malicious Use of Litigation and Issuance of Subpoenas to Clients of Vogt and McDevitt to Deter them From Transitioning to PVI***

35.     Tower Bridge initiated this action against Vogt and McDevitt on May 25, 2023. Thereafter, a hearing on Tower Bridge's motion for a temporary restraining order and preliminary injunction was scheduled for one day on June 27, 2023.

36.     Tower Bridge commenced this lawsuit in an effort to intimidate, harass, and burden Vogt, McDevitt and their clients from leaving Tower Bridge to join PVI.

37.     Upon information and belief, Tower Bridge is using this lawsuit as pretext to avoid paying Vogt what he is owed under his Shareholder Agreement with Tower Bridge.

38.     Further, Tower Bridge is using this lawsuit to deter the clients of Vogt and McDevitt from transitioning the management of their investment accounts from Tower Bridge to PVI.

39.     Upon information and belief, on or around June 8, 2023, or June 9, 2023, Tower Bridge, through its attorneys, issued non-party subpoenas to thirty-five (35) clients of Vogt and McDevitt to appear and testify at the one day preliminary injunction hearing (the "Subpoenas").

40.     Among other things (addressed immediately below), it was not reasonable for Tower Bridge to expect to have thirty-five (35) non-party witnesses (not including any party witnesses necessary to testify and any statements made by counsel) to testify at a one-day preliminary injunction hearing. This is impossible. Nevertheless, Tower Bridge, through its attorneys, served 35 subpoenas to non-party witnesses.

- 42 -

41.     Upon information and belief, Tower Bridge, through its attorneys, only issued the Subpoenas to clients of Vogt and McDevitt who had indicated that their intention to transition the management of their investment accounts from Tower Bridge to PVI.

42.     Upon information and belief, Tower Bridge did not issue any non-party subpoena to clients of Vogt and McDevitt who indicated their intention was to continue their investment advisory relationship with Tower Bridge and did not indicate they would transition to PVI.

43.     In violation of the Federal Rules of Civil Procedure (that require non-party subpoenas to be personally served), Tower Bridge, through its attorneys, issued the Subpoenas via Federal Express.

44.     Accordingly, Tower Bridge, through its attorneys, did not properly serve the Subpoenas.

45.     Further, Federal Rule of Civil Procedure 45(b)(1) provides that "if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."

46.     However, Tower Bridge, through its attorneys, failed to provide the non-party witnesses the required fee for 1 day's attendance and the mileage allowance for the witnesses' attendance at the preliminary injunction hearing with the issuance of the Subpoenas as required by law.

47.     Upon information and belief, some of the Subpoenas served by Tower Bridge, through its attorneys, were sent to clients of Vogt and McDevitt who reside in California, Illinois, Massachusetts, and Florida, which are all beyond the 100 miles of United States District Court for the Eastern of Pennsylvania Courthouse in violation of the Federal Rules of Civil Procedure.

48.     Indeed, on June 20, 2023, non-party Lyn Davis (a client of Vogt and McDevitt that transitioned from Tower Bridge to PVI), filed a motion to quash the subpoena that she received from Tower Bridge.

49.     On June 22, 2023, the Court entered an Order granting Ms. Davis's motion to quash and awarding her attorney's fees related to the filing of her motion to quash.

50.     Specifically, the Court noted that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena."

51.     Tower Bridge issued the Subpoenas with an ulterior motive and not a proper purpose for which the civil process (here, the service of non-party witness subpoenas) was designed.

52.     Rather, the purpose of the Subpoenas issued by Tower Bridge was to harass, intimidate, burden, and retaliate against the clients of Vogt and McDevitt who had transitioned the management of their investment accounts from Tower Bridge to PVI and interfere with the business relationship PVI enjoyed with the clients.

53.     The Subpoenas were issued by Tower Bridge, to retaliate against Vogt and McDevitt for leaving Tower Bridge and to interfere with PVI's relationships with the clients of Vogt and McDevitt.

54.     Indeed, certain clients of Vogt and McDevitt decided against transitioning the management of their accounts from Tower Bridge to PVI as a result of the unlawful Subpoenas issued by Tower Bridge in this case.

55.     Accordingly, PVI has suffered monetary harm as a result of Tower Bridge's abuse of the civil process from its unlawful and malicious issuance of the Subpoenas.

## COUNT I
## Tortious Interference with Business Relations
### (*PVI v. Tower Bridge*)

56.     Counterclaimant PVI incorporates by reference all allegations of the foregoing paragraphs as if each were fully set forth herein.

57.     Vogt and McDevitt had established ongoing business relationships with their clients and intended for their clients to continue their business relationship and engage PVI to serve as the clients' investment advisory firm.

58.      Upon information and belief, after resigning from Tower Bridge and joining PVI, only 28 of the 39 Legacy Clients that McDevitt established prior to her employment with Tower Bridge, transitioned the management of their investment accounts to PVI.

59.     Tower Bridge (through its wrongful initiation of this lawsuit, the wrongful issuance of the Subpoenas, and false and misleading statements and misrepresentations to the clients of Vogt and McDevitt concerning Vogt, McDevitt, and PVI), intended to harm the relationship between PVI, on the one hand, and the clients of Vogt and McDevitt, on the other hand, and engaged in unlawful conduct described herein.

60.     The interference by Tower Bridge in the business relationship between PVI and the clients of Vogt and McDevitt, was improper because the interference was not legitimate business competition, and Tower Bridge did not have any legal right, privilege or justification to interfere with PVI's prospective business relationship.

61.     Tower Bridge's unlawful conduct (among other things, the wrongful initiation of this lawsuit, the wrongful service of the Subpoenas, and false and misleading statements to clients of Vogt and McDevitt) interfered with PVI's prospective business relationships with the clients of Vogt and McDevitt that did not transition to PVI because of Tower Bridge's unlawful conduct.

62.     But for the wrongful interference by Tower Bridge, the clients of Vogt and McDevitt would have contracted with PVI to serve as their investment advisory firm, and PVI would receive business from those clients in the future.

63.     The tortious interference by Tower Bridge was intentional and improper.

64.     As a direct and proximate cause of the tortious interference by Tower Bridge, PVI has suffered damages including the loss of business relationships and prospective economic gain and advantage, for which Tower Bridge is liable.

65.     Tower Bridge acted willfully, wantonly, and/or with reckless indifference to cause harm to PVI. As a result of the willful, wanton, reckless misconduct of Tower Bridge, punitive damages should be awarded to PVI.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

## COUNT II
### Abuse of Process
### *(PVI v. Tower Bridge)*

66.     Counterclaimant PVI incorporates by reference all allegations of the foregoing paragraphs as if each were fully set forth herein.

67.     Tower Bridge, through its principals, agents, employees, representatives and/or attorneys used the legal process for an unlawful purpose.

68.     Upon information and belief, Tower Bridge issued thirty-five (35) non-party subpoenas solely to clients of Vogt and McDevitt who had left Tower Bridge for Pine Valley in order to intimidate, harass, and retaliate against those clients for transitioning the management of their investment accounts to Pine Valley.

69.     Upon information and belief, Tower Bridge did not issue non-party subpoenas to any of Vogt and McDevitt's clients that decided to stay with Tower Bridge.

70.     Upon information and belief, Tower Bridge instructed its attorney to engage in a campaign of non-party subpoenas specifically targeted at clients who expressed interest in leaving Tower Bridge to Pine Valley to deter those clients from transferring management of their accounts to Pine Valley.

71.     Tower Bridge knew, or reasonably should have known, it was impossible to call thirty-five (35) non-party witnesses for a one (1) day preliminary injunction hearing.

72.     Upon information and belief, in violation of the Federal Rules of Civil Procedure, Tower Bridge issued several subpoenas to non-party witnesses well beyond the 100-mile radius rule promulgated by the Federal rules. Accordingly, those witnesses are beyond the jurisdiction of this Court and Tower Bridge knew or reasonably should have known those witnesses could not be compelled to appear at the Preliminary Injunction Hearing and give testimony.

73.     Furthermore, Tower Bridge improperly used the legal process to accomplish an improper purpose by failing to properly serve the Subpoenas in violation of the Federal Rules of Civil Procedure. Specifically, Tower Bridge issued the subpoenas via Federal Express and did not hand deliver the Subpoenas.

74.     Indeed, this Court even granted non-party Lyn Davis's motion to quash the subpoena she received and awarding her attorney's fees related to bringing her motion to quash, thus this Court has recognized the impropriety of the Subpoenas.

75.     The improper issuance of the Subpoenas by Tower Bridge was for an unintended and malicious purpose.

76.     The improper issuance of the Subpoenas had a chilling effect on the clients Vogt and McDevitt's right to choose who they would like to manage their investments and caused some clients of Vogt and McDevitt to not transition the management of their investment accounts to PVI.

77.     As a direct and proximate result of the abuse of the civil litigation process, by way of the issuance of improper subpoenas to intimidate and retaliate against the clients of Vogt and McDevitt , PVI has suffered monetary damages.

**WHEREFORE**, Defendant PVI respectfully requests judgment in its favor and against Plaintiff, and awarding to PVI all costs, attorney's fees, and any such other relief as the Court may deem necessary and proper.

Respectfully submitted,

**LEX NOVA LAW, LLC**

Dated: September 14, 2023            By: */s/ Jason M. Saruya*
                                     Jason M. Saruya, Esquire (ID No. 324500)
                                     1845 Walnut Street, Suite 2250
                                     Philadelphia, PA 19103
                                     Telephone:     (267) 934-5888
                                     Facsimile:     (856) 406-7398
                                     Email:         jsaruya@lexnovalaw.com
                                     *Attorneys for Pine Valley Investments, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant Pine Valley Investments, LLC's Answer, Affirmative Defenses, and Counterclaims has been filed this 14th day of September, 2023 through the court's e-filing system, which will send notification of all counsel of record.

**LEX NOVA LAW, LLC**

By: */s/ Jason M. Saruya*
Jason M. Saruya, Esq.